Dear Mrs. Rausch:
We are in receipt of your request for an Attorney General's Opinion regarding several sections of the Election Code. Specifically you have asked:
1. Whether it is legal for a designated watcher of a precinct to watch more than one precinct where the polling place has two or more precincts?
2. May the designated watcher for ward 3, precinct 2 watch precinct 2 and precinct 2A from 6:00 a.m. until 12:00 noon and be relieved by the designated watcher for ward 3 precinct 2A for the remainder of the day? Does R.S. 18:1462(C) apply?
3. Whether R.S. 18:427(C) allows a designated watcher and an alternate watcher to be at the precinct at the same time?
4. How does R.S. 18:1462(A)(1) apply to the public or alternate watcher to enter the polling precinct and collect notes and information from a designated watcher or commissioner?
5. Which office, Clerk of Court or District Attorney, has the authority to go out to the precinct and investigate a complaint?
6. May a member of the Board of Election Supervisors, who is a candidate in the election, or any other candidate in an election count absentee ballots?
In response to your first question, the Louisiana Election Code provides at R.S. 18:435(A), "Each candidate is entitled to have one watcher at every precinct where the office he seeks is voted on in a primary or general election." (Emphasis Added.) The Election Code does not prohibit a watcher from being assigned to serve as a watcher in more than one precinct within a polling place, and in fact, the Parish Board of Election Supervisors has issued certificates for a person to serve as a watcher in more than one precinct. (Please see attached Opinion No. 91-510, question number five) Therefore, it is the opinion of this office that a person may be assigned to serve as a watcher in more than one precinct within a polling place which contains two or more precincts. In response to your second question, please refer to the enclosed Attorney General's Opinion No. 90-510, question number two.
In this opinion the Attorney General was asked whether an alternate watcher may replace a watcher who becomes "ill" during election day. It has been and is the opinion of this office that R.S. 18:145(D) was specifically enacted to allow for alternate watchers on election day only in the absence of the "original" watcher when the "original" watcher is unable to appear at the polling place on election day. Once a watcher appears at the polling place and assumes his/her duties, he may not be replaced by an alternate watcher on that same election day.
In response to the second part of this question, R.S. 18:1462 generally prohibits certain acts on election day, such as electioneering and loitering. Subsection (C) of this Section provides that the Section, "shall not be construed as prohibiting . . . any official watcher from remaining in and about the polling place in which he was selected to serve." Therefore, R.S. 18:1462(C) applies as it states that the prohibitions against electioneering and loitering shall not be construed to prohibit an official watcher from remaining in the polling place.
In response to your third question, R.S. 18:427 generally refers to the qualifications, powers and duties, and number of watchers inside a polling place. This section of the code does not provide any law in regards to whether or not a watcher and an alternate watcher may be present at the precinct at the same time. Please refer to the response given above to question number two in regards to whether or not a watcher and an alternate may be present at a precinct on the same day. The answer is no, not in their official capacities as such. R.S. 18:427(C) allows a commissioner to regulate the number of watchers inside a polling place as provided by the provisions of this section.
In response to your fourth question, LSA-R.S. 18:1462(A)(1) applies to all persons performing any of the prohibitions set forth in the statute. This section of the code prohibits any person, whether a private citizen or a person listed as alternate watcher but not performing in such capacity, from soliciting in any manner or means any other person to vote for or against any candidate or proposition being voted on in the election. This prohibition applies "within any polling place being used in an election on election day or within any place wherein absentee voting is being conducted, or within a radius of six hundred feet of the entrance to any polling place . . .". This section does not prohibit a person, whether a private citizen or a person listed as alternate watcher but not performing in such capacity, from entering a polling place to simply collect notes and information from the watcher. R.S. 18:1462(A)(2) prohibits a person from remaining within a polling place except when exercising the right to vote, after being directed in writing by an election commissioner or law enforcement officer to leave the premises. Therefore, a commissioner has the authority to instruct a person in writing to leave the premises if such person remains on the premises to collect notes or information. This provision of the law allows the commissioner to keep the polling place free of any interference, therefore, it does not change the opinion of this office that a person may enter the polling place to collect notes and information from the watcher.
In response to your fifth question, LSA-R.S. 18:1462(E) provides as follows:
 E. The duly constituted law enforcement officers of the political subdivision in which any such election is being held shall enforce the provisions of this Section when requested to do so by the commissioners. The election commissioners at the several polling places likewise shall enforce the provision of this Section. These law enforcement officers and commissioners are authorized to seize, remove, and destroy any political cards, signs, pictures, or literature being used or displayed in violation of any of the provisions hereof. (Emphasis Added.)
Based on the above law, it is the opinion of this office that the District Attorney, as a duly constituted law enforcement officer of the political subdivision, may respond to a complaint when requested to do so by the commissioner if within the guidelines and official duty of the District Attorney's Office. As to the Clerk of Court, this issue has been previously addressed in Opinion No. 88-456, enclosed for your review. It is the opinion of this office that the Clerk of Court, in addition to being an ex-officio member of the parish board a election supervisors, which board is charged with the supervision of the conduct of the election, is also designated by law (R.S. 18:422) as the chief elections officer of the parish and as such has the right to visit polling places on election day to observe the conduct of the election. Therefore, it is the opinion of this office that the Clerk of Court, as chief election officer of the parish, and the District Attorney, as a law enforcement officer of the political subdivision, has the authority to enforce the provisions of R.S. 18:1462 when requested to do so by the commissioner.
In response to your sixth and final question, R.S. 18:1313(A) provides that the Parish Board of Election Supervisors shall be responsible for the counting and tabulation of all absentee ballots, however, subsection (D) provides that candidates, their representatives, and qualified electors may be present during the counting and tabulation of absentee ballots. A member of the Parish Board of Elections Supervisors has the responsibility of performing his/her job, whether or not he/she is a candidate in the election. Therefore, it is the opinion of this office that a member of the board, who is also a candidate, shall be responsible for performing his duties, which includes counting and tabulating absentee ballots. Any other candidate in the election is allowed to be present during the counting and tabulation of the ballots.
I hope that I have answered all of your questions. If I can be of further assistance, please advise.
Sincerely yours,
 WILLIAM J. GUSTE, JR. Attorney General
 BY: ANGIE ROGERS LaPLACE Assistant Attorney General